UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY L. HIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  1:21-cv-01531 |
| | ) |
| CARVANA CARS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Danny L. Higgins (hereafter "Mr. Higgins"), by counsel, and pursuant to Fed. R. Civ. P. 3, files his Complaint against the Defendant, Carvana Cars, LLC, (hereafter the "Defendant"), and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought, and jurisdiction lies pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *etseq*.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 28 U.S.C. §1391(b)(2).

3. This Court has supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial

economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Higgins, is a male citizen of the United States, and is an "employee" as that term is defined in §12111(4) of the ADA.

5. At all times relevant hereto, Mr. Higgins had a disability as that term is defined under §12102 of the ADA.

6. The Defendant, Carvana Cars, LLC, is a qualified "employer" as the term is defined in §12111(5) of the ADA.

7. The Defendant, Carvana Cars, LLC, is a foreign for-profit corporation registered and doing business in the State of Indiana.

## ADMINISTRATIVE PROCEDURES

8. On or about April 2, 2021, Mr. Higgins filed charges of discrimination under the Americans with Disabilities Act with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2021-00316.

9. On or about April 7, 2021, Mr. Higgins received a Notice of Right to Sue from the EEOC for Charge Number 470-2021-00316, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

10. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

11. The Defendant hired Mr. Higgins in September 2019.

12. Throughout his employment with the Defendant, Mr. met or exceeded the Defendant's legitimate expectations of performance.

13. Prior to being hired in September 2019, Mr. Higgins informed the hiring supervisor, Mike Meade, of his disability.

14. In June 2020, Mr. Higgins had a motor vehicle accident, unrelated to his employment with the Defendant, and due to the injuries, he received was given a medical note to stay off of work on from June 25 to June 30.

15. Mr. Higgins contacted the Defendant and attempted to return to work on July 1, 2020 but was unable to perform his job without an accommodation.

16. Following his July 1, 2020 attempt to return to work, Mr. Higgins was approved to be placed on Short Term Disability for a period of eight (8) weeks.

17. Throughout his time on Short Term Disability, Mr. Higgins stayed in constant communication with the Defendant about his desire and willingness to return to work.

18. Mr. Higgins noted there were positions available which he was qualified for, less physically demanding, and that would have complied with his work restrictions. At no point did the Defendant consider Mr. Higgins for these open positions.

19. Mr. Danny L. Higgins exhausted his leave and was terminated on or about October 22, 2020.

**DISCRIMINATION ON THE BASIS OF DISABILITY**

20. Mr. Higgins hereby incorporates by reference paragraphs 1 through 19 as though previously set out herein.

21. The Defendant discriminated against Mr. Danny L. Higgins due to his disability.

22. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Mr. Higgins rights an individual with a disability, materially affecting, and altering the terms and conditions of his employment in violation of the ADA.

23. Mr. Higgins has suffered emotional and economic damages because of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Danny L. Higgins, respectfully requests that this Court enter judgment in his favor and:

a. Order the Defendant to pay Mr. Higgins his lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Compensatory damages;

d. Punitive damages;

e. Liquidated damages

f. Lost future wages

g. All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post-judgment interest;

i. Provide to Mr. Higgins all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mr. Danny L. Higgins, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Jacob G. Bowman*
Jacob G. Bowman #36240-55
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
Jacobbowman@getstewart.com
Attorneys for Plaintiff,
Danny L. Higgins