UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DANNY L. HIGGINS,

        Plaintiff,

v.

CARVANA, LLC,

        Defendant.

Case No. 1:21-cv-01531-SEB-DLP

## DEFENDANT'S PRELIMINARY WITNESS AND EXHIBIT LISTS

Defendant, by counsel, submits the following Preliminary Witness and Exhibits Lists:

### Witnesses

1. Plaintiff, Danny Higgins.

2. Kalee Haddock.

3. Maren Brown.

4. Melanie Rodgers.

5. Kaity Matson.

6. Michael Meade.

7. Any applicable representative of Defendant's third-party benefits administrator.

8. Any medical provider identified by Plaintiff during this litigation, including, but not limited to: Roudebush VA Medical Center; Alexandria VA Medical Center; Michael E. DeBakey VA Medical Center; Sentara RMH Medical Center; Salem VA Medical Center and any related physicians or individual treatment providers.

9. Any individual deposed in this matter or identified during Plaintiff's deposition, other depositions, or otherwise in discovery in this matter.

10. Any individual identified in documents produced by parties and non-parties in this matter.

11. Any individual identified on any disclosures or witness lists filed or served by Plaintiff or any other party in this matter, including any supplements or amendments thereto.

12. Any experts retained and designated to testify by the deadlines set in the parties' Case Management Plan or as otherwise permitted by the Court.

13. Any witnesses necessary to authenticate exhibits or establish business records.

14. Any witnesses necessary for purposes of impeachment or rebuttal.

Defendant reserves the right to amend or supplement its preliminarily identified witnesses subject to its ongoing investigation of Plaintiff's claims and the pending discovery process. Defendant reserves the right to use at trial witnesses not identified herein but who subsequently are identified during discovery.

**Exhibits**

1. Plaintiff's personnel and employment records.

2. Documents relating to Defendant's policies and procedures and the implementation and enforcement thereof, including, but not limited to, anti-discrimination, policies and procedures, attendance policies and procedures, and policies and procedures governing leaves of absence and workplace accommodations.

3. Defendant's employee handbook and other policies and standards applicable to Plaintiff's employment.

4. Documents relating to Plaintiff's job duties, performance, and the essential functions of Plaintiff's position.

5. Documents relating to Plaintiff's compliance and non-compliance with Defendant's policies, procedures, and expectations related to, among other things, attendance, communication before, during, and after a leave of absence, and requirements related to providing materials to support the need for a leave of absence and/or accommodation request.

6. Documents and communications relating to Plaintiff's leave of absence, his request for a leave of absence, and his return to work.

7. Documents related to Plaintiff's payroll, earnings, and benefits available to Plaintiff during his employment.

8. Relevant medical records related to Plaintiff's stated disability, his request for a leave of absence, and alleged damages, whether maintained by Plaintiff, Defendant, or a third-party.

9. Documents related to the administration of Plaintiff's leave of absence whether maintained by Plaintiff, Defendant, or a third-party.

10. Documents relating to the separation of Plaintiff's employment.

11. Documents relating to any efforts Plaintiff has made to find other or additional employment or income during relevant periods and since his employment with Defendant ended.

12. Documents relating to the alleged damages Plaintiff is claiming and Plaintiff's mitigation efforts.

13. Documents produced by Plaintiff or any other party in discovery.

14. Documents any non-party produces in discovery in this matter, including, but not limited to any medical treatment provider identified by Plaintiff.

15. All depositions and documents made exhibits to depositions in this matter.

16. All documents identified on any disclosures or exhibit lists filed or served by

Plaintiff or any other party in this matter, including any supplements or amendments thereto.

     17.     All relevant documents subsequently identified.

     18.     All documents necessary for impeachment or rebuttal.

Defendant reserves the right to amend or supplement its preliminarily identified exhibits subject to its ongoing investigation of Plaintiff's claims and the pending discovery process. Defendant reserves the right to use at trial exhibits not identified herein but which are subsequently identified during discovery.

     Respectfully Submitted,

*/s/ Peter T. Tschanz*
Craig M. Borowski (#22280-49)
Peter T. Tschanz (#29520-49)
LITTLER MENDELSON, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone: (317) 287-3600
Facsimile: (317) 636-0712
E-mail: cborowski@littler.com
        ptschanz@littler.com

*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 13, 2021, the foregoing was filed using the Court's CM/ECF system. Parties can access this filing through that system, which will send notice to the following:

> Darron S. Stewart
> Nicholas J. Wagner
> Leah N. Miller
> STEWART & STEWART ATTORNEYS
> 931 Rangeline Rd.
> Carmel, IN  46032
> darron@getstewart.com
> nicholas@getstewart.com
> leahm@getstewart.com

                                        */s/ Peter T. Tschanz*