UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY L. HIGGINS,<br><br>        Plaintiff,<br><br>   v.<br><br>CARVANA, LLC<br><br>        Defendant. | Case No. 1:21-cv-01531-SEB-DLP |

## <u>DEFENDANT'S STATEMENT OF DEFENSES</u>

Pursuant to Section IV.B of the Case Management Plan, Defendant Carvana, LLC ("Defendant"), by counsel, submits the following statement of defenses it intends to assert at trial for which it carries the burden of proof.  Defendant reserves the right to supplement or otherwise amend its statement of defenses as may be necessary and appropriate as discovery is ongoing and pursuant to further orders of this Court and litigation of this action.

1.     Plaintiff bears the burden of proof but cannot prove all of the *prima facie* elements of his claim brought pursuant to the Americans with Disabilities Act.

2.     Defendant will demonstrate that decisions with regard to Plaintiff's employment that Plaintiff challenges in this action were based on legitimate, non-discriminatory, reasons and not any protected status under the Americans with Disabilities Act.  Plaintiff cannot meet his burden of proving pretext in Defendant's decision-making, and the evidence does not permit a reasonable factfinder to conclude any protected status caused Plaintiff to suffer any adverse employment action.  Plaintiff cannot establish any discriminatory conduct by Defendant, but even if Plaintiff could do so, Defendant will demonstrate it would have made the same decisions and taken the same actions regardless of Plaintiff's allegedly protected status.

3.      Should Plaintiff's ADA claim reach trial, Defendant will raise the defense that Plaintiff cannot meet his burden of proving a jury instruction should be given as to compensatory or punitive damages or such damages otherwise should be considered and/or awarded.  Among other things, Plaintiff cannot meet his burden of proving Defendant caused him injury for which compensatory damages are appropriate.   Plaintiff also cannot meet his burden of proving Defendant acted with malice or reckless indifference towards Plaintiff or his protected rights, and the evidence Defendant will present will demonstrate it acted in good faith and without any such malice or reckless indifference.  *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).  Further, to the extent Plaintiff can establish liability, which Defendant denies, Defendant may not be liable for punitive damages to the extent any managerial agents made decisions contrary to Defendant's good faith efforts to comply with the law.  Finally, Defendant made good faith efforts, in consultation with Plaintiff, to pursue reasonable accommodations for any known limitations.

4.      Should Plaintiff's claims reach trial, Defendant will raise the defense that Plaintiff has failed to mitigate his alleged damages.

5.      Plaintiff's claims for damages are limited by all applicable statutory or other applicable caps and/or limitations.

6.      Discovery is ongoing and Defendant does not yet know the full scope of Plaintiff's claims.  Plaintiff bears the burden of proving his claims are timely asserted, properly pursued and exhausted administratively, and within the scope of his administrative charge.  Defendant will argue any of Plaintiff's claims that fail to meet these requirements are barred.

Respectfully submitted,

*/s/ Peter T. Tschanz*
Craig M. Borowski (#22280-49)
Peter T. Tschanz (#29520-49)
LITTLER MENDELSON, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone: (317) 287.3600
Facsimile: (317) 636.0712
E-mail:cborowski@littler.com
            ptschanz@littler.com

*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 1, 2022, I filed the foregoing electronically using the Court's

CM/ECF system, which will send notice of this filing to:

Leah N. Miller
STEWART & STEWART
931 S. Rangeline Road
Carmel, IN 46032
LeahM@getstewart.com

*/s/ Peter T. Tschanz*